**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                         )
UNITED STATES OF AMERICA,  )
                         )
          v.             )     CRIMINAL ACTION
                         )     NO. 04-1685-CBS
ROBERT RUSCIO,           )
a/k/a "Bob", ET AL,      )
          Defendants,    )
_____  )
```

**MEMORANDUM OF PROBABLE CAUSE**
**June 4, 2004**

**SWARTWOOD, M.J.**


I.   Nature of the Offense and the Government's Motion

On February 26, 2004, a Criminal Complaint was filed, charging multiple individuals, including Robert Ruscio, a/k/a "Bob" ("Mr. Ruscio"), with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846.

At Mr. Ruscio's initial appearance on May 3, 2004, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and with the assent of the Government, Mr. Ruscio was released on conditions and his right to a probable cause hearing was continued to June 2, 2004.

On June 2, 2004, Mr. Ruscio appeared for a probable cause hearing and at that hearing, Jean Drouin, Special Agent with the

Drug Enforcement Administration ("DEA"), testified on behalf of the Government and was cross-examined by Mr. Ruscio's counsel.

## II.  Findings of Fact

1.    Special Agent Drouin is the case agent in connection with an investigation concerning the distribution of multiple kilograms of cocaine in the North Shore area of Massachusetts.  This investigation commenced in January 2003 and concluded on May 1, 2004 with the arrest of more than twenty defendants.  During this investigation, Special Agent Drouin and other law enforcement officials involved in this investigation, used informants, undercover agents, global positioning systems ("GPS") on four automobiles, surveillance of individuals and locations, Department of Motor Vehicles ("DMV") photographs for identification of individuals involved in this investigation, recorded and monitored controlled purchases of cocaine and Title III wire intercepts on approximately twenty-one telephones.

2.    Primarily as a result of wire intercepts, law enforcement officials were alerted that a multi-kilogram load of cocaine was to be delivered in late April or early May 2004 to the organization which was the subject of this investigation.  Following up on these wire intercepts, law enforcement officials arrested over twenty defendants which the Government alleges were involved in a conspiracy to distribute multiple kilograms of cocaine in the North Shore of Massachusetts.    As a result of these arrests,

approximately 50 kilograms of cocaine and a substantial amount of cash were seized.

3.    Jose Rosales is alleged to have performed a leadership role in the cocaine conspiracy which is the subject of this Criminal Complaint.  Over a long period of time, four or five of Mr. Rosales' telephones were intercepted.  During the period from August 2003 to February 2004, Mr. Ruscio was intercepted over a 100 times on Mr. Rosales' various telephones and most of those conversations involved arrangements for Mr. Ruscio's purchase of cocaine in quantities that are indicative of distribution and not personnel use of cocaine.    In many of these telephone conversations, Mr. Ruscio and Mr. Rosales conversed in code, but from those conversations, it is obvious that they were discussing payment of money for the sale of multiple grams of cocaine and for delivery of cocaine over a five month period.  Following many of these calls, law enforcement officers observed Mr. Rosales coming to Mr. Ruscio's place of business in response to Mr. Ruscio's telephone requests for cocaine.  In addition to Mr. Rosales going to Mr. Ruscio's place of business, other members of this drug conspiracy were observed going to and from Mr. Ruscio's place of business where they would stay for long periods of time.

### III.  Probable Cause

From the wire intercepts, I find that Mr. Ruscio was involved in the purchase of multiple grams of cocaine over a five month period and that leaders of this organization would often meet at

3

Mr. Ruscio's place of business.  Therefore, I find probable cause

for the offense charged against Mr. Ruscio in this Complaint.


/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE